IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 1:18-CR-108 |
| v. | § | |
| | § | |
| | § | |
| JESUS ALBERTO GUERRA | § | |
| | § | |

## REPORT AND RECOMMENDATION ON PETITION FOR WARRANT FOR OFFENDER UNDER SUPERVISION

Pending is a "First Amended Petition for Warrant or Summons for Offender Under Supervision" filed March 24, 2021, alleging that the Defendant, Jesus Alberto Guerra, violated thirteen conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. TEX. CRIM. R. CR-59.

### I. The Original Conviction and Sentence

Guerra was sentenced on September 8, 2010, before The Honorable Walter S. Smith, Jr. of the Western District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute at Least 5 Kilograms of Cocaine, a Schedule II Narcotic Drug Controlled Substance, a Class A felony. This offense carried a statutory maximum imprisonment term of Life with a mandatory minimum of 10 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of I, was 70 to 87 months. Guerra was subsequently sentenced to 36 months imprisonment, below the advisory guideline range, followed by 4 years supervised release, subject to the standard conditions of

release plus special conditions to include substance abuse aftercare; mental health aftercare; $100 special assessment; and a $1,000 fine.

## II.  The Period of Supervision

On April 6, 2017, Guerra completed the term of  imprisonment and began the initial term of supervised release. On October 31, 2017, the initial term of supervised release was revoked, and Guerra was sentenced to 6 months of imprisonment followed by a 3-year term of supervised release, subject to the same conditions of supervision. On January 25, 2018, Guerra completed his term of imprisonment and commenced his subsequent term of supervised release in the Eastern District of Texas.  On October 23, 2018, the court modified the conditions of supervision to include placement in a residential reentry center for 180 days.  On November 6, 2018, jurisdiction was transferred to the Eastern District of Texas and the case was reassigned to U.S. District Judge Marcia A. Crone.

## III.  The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising thirteen allegations.  The petition alleges that Guerra violated the following conditions of release:

Allegations 1, 2, 3, and 7. The Defendant shall not commit another federal, state, or local crime.

Allegation 4. That the defendant shall not unlawfully possess a controlled substance.

Allegations 5, 9, and 11. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician.

Allegation 6. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the Probation Officer.

Allegations 8 and 10. The defendant shall refrain from any unlawful use of a controlled substance.

Allegation 12. The defendant shall reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days and abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.

Allegation 13. The defendant shall pay a fine of $1,000.

## IV.  Proceedings

On February 24, 2022, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, the Defendant agreed to plead "true" to the first allegation that claimed he committed a state crime.  The nature of his noncompliance is that he committed and pleaded guilty to the offense of burglary of a habitation as a repeat offender on May 31, 2019, in Chambers County, Texas, cause number 19DCR0061, and was sentenced to five years' incarceration in the Texas Department of Justice.

After considering the Defendant's Motion for a Downward Variance (Doc. No. 11), the undersigned determined that  Guerra should serve a term of 24 months' imprisonment, which includes 180 days of unserved community confinement converted to an equal period of imprisonment, with no supervised release to follow.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without

credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by committing another state crime, the Defendant will be guilty of committing a Grade A violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade A violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade A violation and a criminal history category of I, the policy statement imprisonment range is 24 to 30 months.

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4 and

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.

U.S.S.G. § 7B1.1(b) indicates where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than Life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1.  The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2.  The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other

corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3.  Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4.  Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5.  The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6.  The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that he failed to refrain from committing another state crime. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade A violation, and the criminal history category is I. The policy statement range in the Guidelines Manual is 24 to 30 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 24

months (which includes 180 days of unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by committing a state crime. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of 24 months' imprisonment (which includes 180 days' unserved community confinement converted to an equivalent term of imprisonment), with no supervised release to follow. The Defendant requested to serve his prison term at the Federal Correctional Institution in Butner, North Carolina. The Defendant's request should be accommodated, if possible. The Defendant's Sealed Motion for a Downward Variance (Doc. No. 11) should be denied.

## VIII. Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on this report and recommendation immediately.

SIGNED this 25th day of February, 2022.

_____
Zack Hawthorn
United States Magistrate Judge